IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-68-BO

LINDA STACKER,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )
                                        )        **ORDER**
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )
_____)

Plaintiff's Motion for Judgment on the Pleadings is DENIED.

Defendant's Motion for Judgment on the Pleadings is GRANTED.

## PROCEDURAL HISTORY

On November 25, 2003, Plaintiff Linda Stacker ("Plaintiff") filed an application for

disability insurance benefits ("DIB"). After a hearing, Administrative Law Judge ("ALJ") Bruce

T. Smith found that Plaintiff was not disabled. The Appeals Council denied review.

On February 20, 2007, Plaintiff filed a Complaint. Plaintiff thereafter filed a Motion for

Judgment on the Pleadings. Defendant Michael J. Astrue, Commissioner of Social Security

("Defendant"), also filed a Motion for Judgment on the Pleadings. A hearing was held on the

matter on October 30, 2007.

## FACTUAL BACKGROUND

Plaintiff alleges a disability beginning in May 2003. Plaintiff suffered from depression,

1

lacerations to the legs, and a strained lumbar area of the back.

The ALJ assessed Plaintiff's Residual Functional Capacity ("RFC") and found that Plaintiff was able to do medium work and was not disabled. Plaintiff argues that the ALJ's findings were not supported by substantial evidence. Specifically, Plaintiff argues: that the ALJ did not properly address Plaintiff's alleged fibromyalgia; that the ALJ did not properly consider whether Plaintiff's impairments met a definition under the Listing of Impairments; that the ALJ did not properly evaluate Plaintiff's credibility; and that the ALJ's RFC assessment was not supported by substantial evidence in the record.

## DISCUSSION

### 1. Standard for Judicial Review of a Final Decision for Disability Benefits

Under the Social Security Act, the scope of judicial review for a final decision of an ALJ regarding disability benefits is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court must not substitute its own judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. See Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)).

In evaluating whether a claimant is disabled, an ALJ uses a five step sequential evaluation process, established by the regulations of the Social Security Administration under 20 C.F.R. §

2

404.1503 (1980).

> "Under the [five step] process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: (5) whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job."

Hall v. Harris, 658 F.2d 260, 264 (4th Cir., 1981); see also 20 C.F.R. § 404.1503.

There is a two-step analysis in assessing the credibility of a plaintiff's complaint of pain. At the first step, the ALJ must determine whether objective medical evidence exists which shows a medical impairment that could reasonably produce the pain alleged, in both amount and degree. At the second step, the ALJ evaluates the amount and degree of pain, along with the extent such pain limits the ability to engage in work. At this second step, an ALJ may use any of the following evidence to come to a decision: objective medical evidence of pain; statements concerning pain or other subjective complaints; plaintiff's medical history; laboratory findings; activities of daily living; and any course of treatment undergone to alleviate pain. Craig v. Chater, 76 F.3d 585 (4th Cir.1996). A plaintiff's work history should be taken into account in affording credibility to a plaintiff's belief in his or her own capabilities. See Nanny v. Mathews, 423 F. Supp. 548, 551 (E. D. Va. 1976).

## 2. The ALJ's findings are supported by substantial evidence

The ALJ's finding that the Plaintiff was not disabled is supported by substantial evidence.

3

Defendant's Motion for Judgment on the Pleadings is granted. Plaintiff's Motion for Judgment on the Pleadings is denied.

The ALJ's findings in regards to both the alleged fibromyalgia and the Listing of Impairments are supported by substantial evidence. The ALJ properly found that the objective medical evidence did not support a finding of fibromyalgia and, additionally, that nothing in the record supports the contention that the alleged fibromyalgia disabled Plaintiff. The ALJ also properly found that none of Plaintiff's impairments met the definition for Listing 1.02, or for Listing 1.04, or for any other definition under the Listing of Impairments. The ALJ's findings on these two matters are both supported by substantial evidence.

The ALJ's evaluation of Plaintiff's credibility is also supported by substantial evidence. The objective medical evidence in the record contradicted Plaintiff's subjective complaints of pain. Plaintiff's complaints of pain were not accompanied by objective findings of medical impairments which could reasonably be expected to produce the alleged pain. Medication also alleviated and/or dissipated Plaintiff's alleged pain, precluding a finding of disability. Finally, Plaintiff's numerous weekly activities, such as singing in a church choir, teaching Sunday school, and raising her young grandchild, contradicted her claims that pain disabled her. The ALJ's finding that Plaintiff was not credible was supported by substantial evidence.

Finally, the ALJ's RFC assessment is supported by substantial evidence. The ALJ properly considered the evidence in the record as a whole in finding that Plaintiff could perform medium work, and was not disabled. The RFC is specifically supported by the assessment of Dr. Buchin, a state medical consultant, as well as other objective medical evidence in the record. The ALJ's RFC that Plaintiff could perform medium work was supported by substantial evidence in

4

the record.

The ALJ's ultimate finding that Plaintiff was not disabled is supported by substantial evidence. Defendant's Motion for Judgment on the Pleadings is granted. Plaintiff's Motion for Judgment on the Pleadings is denied. Judgment is entered for Defendant.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings is DENIED.
Defendant's Motion for Judgment on the Pleadings is GRANTED.
The decision is AFFIRMED.

SO ORDERED.

This _30_ day of March, 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6